1  BARRY J. PORTMAN
   Federal Public Defender
2  LARA S. VINNARD
   Assistant Federal Public Defender
3  160 West Santa Clara Street, Suite 575
   San Jose, CA  95113
4  Telephone:  (408) 291-7753

5  Counsel for Defendant BENITEZ-MONDRAGON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 07-00408 JF |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT BENITEZ-MONDRAGON'S SETTLEMENT CONFERENCE STATEMENT** |
| AGUSTIN BENITEZ-MONDRAGON, | ) | |
| Defendant. | ) | Date:  April 1, 2008 |
|  | ) | Time:  2:00 p.m. |
|  | ) | Honorable Howard R. Lloyd |

   Defendant Agustin Benitez-Mondragon is charged in a one-count indictment with illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326.  The government has not made an offer to settle this matter pursuant to its "Fast Track Program" because Mr. Benitez-Mondragon received a prior fast-track disposition in approximately 1996 in this district.

   Pursuant to the Sentencing Guidelines, Mr. Benitez is subject to an advisory guideline range of 77 to 96 months if he enters an open plea, and is subject to an advisory range of 100 to 125 months if he is convicted after a trial.  This is because he is in Criminal History Category VI, and may be subject to a 16-level increase in his offense level due to prior drug-related convictions that may qualify as trafficking offenses. Those convictions occurred in 1992 and 1993.  Since that time, Mr. Benitez has not been convicted of similar crimes, although he has been convicted on six occasions between 1994 and 2007 for DUI-related offenses.  Mr. Benitez also has significant ties to the United States.  Although he has been previously deported, many of

his family members reside in the United States, and he has considered the United States to be his home for more than 20 years.

Despite the fact that Mr. Benitez received a prior fast-track disposition in 1996, the defense believes that the government should be encouraged to offer Mr. Benitez a fast-track disposition in this case for several reasons. First, the prior fast-track occurred nearly twelve years ago, and the U.S. Attorney's Office has occasionally offered a second fast-track in cases in which there has been a significant time lapse since the prior case.

Second, the convictions which have the most serious impact on Mr. Benitez's guidelines (the drug cases) occurred at least fifteen years ago. Since that time, Mr. Benitez has not been convicted of similar conduct. This has also been a factor considered by the U.S. Attorney in other cases in considering whether to make an offer to settle.

Third, if the government made an offer to settle, the offer would be a significant sentence of 51 months under the U.S. Attorney's Fast Track guidelines. This sentence is more than double the sentence Mr. Benitez received in his prior illegal reentry case, and is ample to reflect the seriousness of the offense.

In the event that this matter cannot be settled, Mr. Benitez has expressed feelings of extreme anxiety in being faced with the choice of pleading guilty or going to trial, because the advisory sentencing range is so severe under either approach. He has also expressed concerns regarding the inability of his counsel to obtain a more favorable resolution of his case, and believes that if he were able to hire an attorney, he might achieve a different result. Accordingly, the defense would appreciate any assistance the Court could provide in addressing Mr. Benitez's concerns.

Date: March 31, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender
/s/

LARA S. VINNARD
Assistant Federal Public Defender

DEF. SETTLEMENT CONF. STMT.
No. CR 07-00408 JF                                                    2